# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CARLTON K. EUREY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO: _____ |
| v. | § | |
| | § | |
| CITY OF DESOTO, | § | |
| | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE

Plaintiff Michael D. Price ("Plaintiff" or "Eurey") files this Original Complaint against Defendant the City of DeSoto, Texas, ("Defendant" or "The City"), for unlawful race age in violation of the Age Discrimination in Employment Act, ("ADEA") 29 U.S.C. § 621 et seq. as follows:

## I.
## PARTIES

1.   Plaintiff Carlton K. Eurey is sixty-one years old. Plaintiff resides in Dallas County, Texas, and was employed by Defendant, until he was abruptly terminated on June 12, 2020. Plaintiff alleges, *inter alia*, that he experienced discrimination on the basis of his age by Defendant and its employees.

2.   Defendant the City of DeSoto is a political subdivision of the State of Texas, an incorporated city, town, or village and citation may be served on the mayor, clerk, secretary or treasurer at 211 E. Pleasant Run, DeSoto, Texas 75115. At all relevant times, Defendant has continuously been an employer under the ADEA.

## II.
## JURISDICTION & VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

4. Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission prior to filing suit.

5. Venue is proper in the U.S. District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in the state in which the unlawful employment practices complained of are alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, and the judicial district in which the aggrieved person worked or would have worked but for the alleged unlawful employment practice, and because the Defendant transacts business in this District and Division.  Venue is further proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.
## NATURE OF THE CLAIM

6. Plaintiff seeks actual, compensatory and liquidated damages for Defendant's discrimination against him based on his age.

## IV.
## FACTS

7. Plaintiff was hired as a Construction Inspector for the City of DeSoto on January 18, 2018. During his interview for the position with Defendant, despite that Plaintiff had no previous experience in construction inspection, Plaintiff was told that he would "be at the top of the pay scale" for construction inspectors, and that this was specifically "due to [his] age."

8. During his employment with Defendant, Plaintiff had never been written up or disciplined in any way for his work performance and received a merit-based pay increase in 2020.

9. In late 2019 or early 2020, Plaintiff began working on a project involving development of a residential neighborhood, the Parkerville Meadows Phase III Subdivision, in De Soto, Texas (the "Project"). This project was not a City project. Rather, it was a residential neighborhood project being developed by a private company, Kapsen Development Company. The City, however, was involved with the Project to the extent that it was required to meet City standards and pass inspection.

10. Kapsen Development Company contracted with Victor Manuel Badillo d/b/a B&H Construction, who, in turn, contracted with 2BH Construction, LLC, Alejandro Vazquez d/b/a Dani Concrete and Big D Concrete, Inc. and C&C TX Concrete Pumping, LLC.

11. The Project was one of ten projects Plaintiff was assigned to inspect. Plaintiff's job duties included making observations on site regarding the status of the Project, monitor installation of utilities and rights of way, and to communicate with the developer, the contractor and Defendant regarding any deficiencies he observed as well as the results of his inspections. Plaintiff was on site at the Project 3-4 days per week.

12. Plaintiff had no supervisor for months as the Project progressed. At some point during the Project, Defendant hired Anthony Irvin as the new Engineer over Construction and Inspection. Plaintiff began to have weekly meetings with Irvin to discuss the status of the Project. During these meetings, Plaintiff reported all of the problems and issues he observed at the Project site and also provided handwritten notes to Crystal Owens, Director of the Construction Department throughout the course of the Project.

13. The numerous problems Plaintiff observed and reported to Defendant included, among other things, improper placement of sewer lines, improper wrapping of utility lines,

improper location of water lines, incorrect embedment of sanitary lines, improper valve connections, improperly sealed joint connections, improper placement of fire hydrants, and incorrect manhole covers. Despite reporting these deficiencies to Defendant, Defendant allowed the developer to continue moving forward with the Project. Plaintiff reported these issues and advised that these items would need to be repaired. But the contractors did not so. As a result, the lines ultimately had to be dug up and the work redone.

14. Plaintiff also observed and reported numerous and serious deficiencies with the pavement work at the Project. First, Plaintiff observed that the contractors intended to pour the concrete using a manual pour instead of the more accurate machine pour, contrary to City standards. Plaintiff was told by the contractor that Defendant had approved the manual pour and would not require a machine pour. Plaintiff confirmed that the concrete mix passed inspection prior to the pour, and the contractors were permitted to proceed.

15. After the first pour was compete and the concrete dried, Plaintiff observed and reported obvious cracks and uneven pavement, and insufficient grooving in pavement, among other things. Nevertheless, the City permitted the contractors to proceed with the concrete pour. By the third and final day of the street pour, it was obvious to Plaintiff that it would not pass inspection as the streets had been poured unevenly, there will more cracks in the pavement and grooving was still insufficient.

16. Not only did Plaintiff report these deficiencies, among others, Plaintiff requested that Street Supervisor Matt Miser and Irvin come to the Project site to personally view the deficiencies Plaintiff observed and reported. Miser and Irvin confirmed the deficiencies Plaintiff had observed and reported, and agreed that the streets were not likely to pass inspection. Ultimately, the street paving work had to be redone due to the deficiencies Plaintiff reported o Defendant.

17. On or about one week later, Plaintiff was removed from the project without

explanation.

18. Approximately one month later, Plaintiff was terminated. The reasons Plaintiff was given for his termination were false.

19. Plaintiff was subsequently replaced by two inspectors, at least of one of whom, upon information and belief, is less than 40 years of age.

## V.
## CAUSES OF ACTION

**Age Discrimination in Violation of the Age Discrimination in Employment Act, 28 U.S.C. § 641 et seq.**

20. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21. Plaintiff was an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40.

22. Defendant is an employer within the meaning of the ADEA and has 20 or more employees for each working day in each of 20 or more employees for each working day in each of the 20 or more calendar weeks the current or preceding year.

23. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by terminating his employment on June 12, 2020.

24. Plaintiff suffered tangible adverse employment actions because of discrimination against him based on his age. Defendant has no legitimate, non-discriminatory reasons for its actions against Plaintiff, and the reasons it offered to Plaintiff were demonstrably false, and were pretext for unlawful retaliation.

25. Defendant's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of Plaintiff's injuries.

26. Aa further result of Defendant's unlawful conduct, Plaintiff has suffered and expects to suffer pecuniary losses, including, but not limited to lost wages and other employment benefits. Additionally, Plaintiff seeks equitable relief necessary to return him to the position that he would have held but for Defendant's unlawful conduct.

27. Defendant violated the ADEA willfully.

28. Defendant's discriminatory conduct forced Plaintiff to retain the assistance of counsel in order to redress the harms inflicted upon him. Consequently, Plaintiff seeks reasonable attorneys' fees, expert fees, and court costs.

## VI.

## JURY DEMAND

29. Price hereby requests a trial by jury.

## VII.
## PRAYER

30. Plaintiff, Carlton K. Eurey, requests that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered in favor of Plaintiff against Defendant awarding him the following: back pay, equitable relief necessary to place Plaintiff in the position that he would have held but for Defendant's discrimination and retaliation; and if such relief be infeasible, front pay; actual damages; compensatory and/or punitive damages, together with pre-judgment interest (from the date of injury through the date of judgment) and post-judgment interest at the maximum rate allowed by law, attorney's fees, expert fees and costs of court, and such other and further relief to which Plaintiff may be entitled in law or equity.

Dated: August 30, 2021                             Respectfully Submitted,


                                                    */s/ Courtney Barksdale Perez*
                                                    Leon Carter
                                                    Texas Bar No. 03914300
                                                    lcarter@carterarnett.com
                                                    Courtney Barksdale Perez
                                                    Texas Bar No. 24061135
                                                    cperez@carterarnett.com
                                                    8150 N. Central Expressway, Suite 500
                                                    Dallas, Texas 75206
                                                    214-550-8188 (Telephone)
                                                    214-550-8185 (Facsimile)